Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JENNI BERK**, | Case No.: 3:14-cv-418 |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*); |
| **GC SERVICES LIMITED PARTNERSHIP,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

### II. JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

### III. PARTIES

3.      Plaintiff, Jenni Berk, ("Plaintiff"), is a natural person residing in

Multnomah County, Oregon.

4.      Defendant, GC Services Limited Partnership, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.      Using false, unfair or deceptive practices in connection with collection of an alleged debt from Plaintiff, including but not limited to:

> (1) In a phone call with Plaintiff, GC Services stated that Plaintiff was required to provide phone numbers of 3 references in order to enroll in a rehabilitation program;
>
> (2) stated that the minimum Plaintiff could pay on a rehabilitation agreement was $50, where $50 was not affordable for Plaintiff (§ 1692e(10));
>
> (3) stated that Defendant was "not allowed" to put anything in writing regarding

the offer for rehabilitation and later stated that Plaintiff must pay $50 in order to obtain a written version of the proposed rehabilitation agreement;

(4)     told Plaintiff she could be approved for new loans to go back to school once she had made 6 payments in a rehabilitation program;

(5)     any other misrepresentations made related to Plaintiff's student loan or proposed rehabilitation agreement.

10.    As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11.    Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12.    Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

13.    To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

**COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

14.    Plaintiff reincorporates by reference all of the preceding paragraphs.

15.    The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages pursuant to 15 U.S.C. 1692k;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 13th day of March, 2014.

By:  s/Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff